UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION TRUST FUND;
PLASTERERS LOCAL UNION 67 VACATION &
HOLIDAY FUND; PLASTERERS APPRENTICESHIP
TRUST FUND; and OUTSTATE MICHIGAN
TROWEL TRADES HEALTH & WELFARE FUND,

        Plaintiffs,

CASE NO. 2:06-CV-10902

v.

HON. DENISE PAGE HOOD

GERALD MILLIKEN, individually and
d/b/a G. L. MILLIKEN PLASTERING,

        Defendant.

_____/

## STIPULATION TO ENTRY OF
## DEFAULT JUDGMENT

The undersigned hereby stipulate to the entry of the attached Default Judgment.

STIPULATED AND AGREED TO:

| | |
|---|---|
| SACHS WALDMAN, | GERALD MILLIKEN, individually and |
| PROFESSIONAL CORPORATION | d/b/a G. L. MILLIKEN PLASTERING, |
| | |
|   s/ Hope L. Calati |   s/ Gerald L. Milliken (by HLC w/p via fax) |
| HOPE L. CALATI (P54426) | GERALD MILLIKEN |
| Attorneys for Plaintiffs | 784 South Main Street |
| 1000 Farmer St. | Chelsea, MI 48118 |
| Detroit, MI 48226 | (734) 368-7555 |
| (313) 965-3464 | |
| hcalati@sachswaldman.com | |
| | |
| Dated:   5/31/06 | Dated:  5-31-06 |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PLASTERERS LOCAL 67 PENSION TRUST FUND;
PLASTERERS LOCAL UNION  67 VACATION &
HOLIDAY FUND; PLASTERERS APPRENTICESHIP
TRUST  FUND; and OUTSTATE MICHIGAN
TROWEL TRADES HEALTH & WELFARE FUND,

   Plaintiffs,

CASE NO. 2:06-CV-10902

v.

HON.  DENISE PAGE HOOD

GERALD MILLIKEN, individually and
d/b/a G. L. MILLIKEN PLASTERING,

   Defendant.
_____/

## DEFAULT JUDGMENT

At a session of said Court, held in Detroit, Michigan, at the
Theodore Levin United States Courthouse,
on May 31, 2006

HON.  DENISE PAGE HOOD
  UNITED STATES DISTRICT JUDGE

  Based upon plaintiffs' Motion for Default Judgment, with Brief and Affidavit filed in support thereof; and the pleadings previously filed in this matter; the Court, being fully apprized in the premises, has concluded that, pursuant to Fed.R.Civ.P. 55(b)(2), plaintiffs are entitled to default judgment against defendant GERALD MILLIKEN, individually and d/b/a G.L. MILLIKEN PLASTERING, for the relief prayed for in their Complaint.

  Accordingly, IT IS HEREBY ORDERED AND ADJUDGED:

1

1. Defendant GERALD MILLIKEN, individually and d/b/a G.L. MILLIKEN PLASTERING, is bound to pay contributions to plaintiffs as alleged in plaintiffs' Complaint.

2. Plaintiffs have and recover Judgment from defendant in the amount of $34,932.18, representing the sum of the following amounts:

> A. $25,096.40 in unpaid audited contributions for the period of January 2001 through October 2005, to which plaintiffs are entitled pursuant to ERISA 502(g)(2)(A);
>
> B. $2,824.08 in interest on the delinquent contributions set forth on the audit results letters for the period January 2001 through October 2005, to which plaintiffs are entitled pursuant to ERISA 502(g)(2)(B);
>
> C. $2,824.08 to which plaintiffs are entitled pursuant to ERISA 502(g)(2)(C), which is the greater of interest on the audited contributions and liquidated damages provided for under the plan; and
>
> D. $1,116.50 in attorneys' fees and costs incurred through April 15, 2006, to which plaintiffs are entitled pursuant to ERISA 502(g)(2)(D); and
>
> E. $3,071.12 in late payment assessments; and

plaintiffs shall have execution therefor

3. Defendant GERALD MILLIKEN, individually and d/b/a G.L. MILLIKEN PLASTERING, shall, within 14 days of the date of this Judgment, submit to plaintiffs for inspection and audit all of their books and records needed by plaintiffs to determine the amount of defendant's indebtedness for the period November 2005 until the date of production of such books and records, with the submission of such books and records to be made **within 14 days** of the entry of judgment at the offices of plaintiffs' auditors Stefansky, Holloway and Nichols, Inc., 22260 Haggerty Road, Suite 350, Northville, MI 48167-8983, and the books and records shall remain in the auditors' possession until they have completed a review of same.

4. Plaintiffs are awarded all sums shown by the audit described in paragraph 3 to be due

to plaintiffs, plus the sum set forth in paragraph 2, plus all costs and attorneys' fees incurred by plaintiffs in the prosecution of this matter pursuant to 29 USC 1132(g)(2) from and including April 16, 2006. Plaintiffs are hereby granted leave to file a Motion for Amended Judgment, which shall be accompanied by an affidavit of plaintiffs' counsel setting out all amounts determined to be due pursuant to the provisions of this Judgment.

5. Post-judgment interest will accrue on the amount set forth in paragraph 2, above, as provided for in 28 USC 1961, from the date of entry of this Judgment, and plaintiffs shall have execution therefor. Post-judgment interest will accrue on all sums shown by the audit described in paragraph 3 to be due to Plaintiffs, plus all costs and attorneys' fees incurred by plaintiffs in the prosecution of this matter pursuant to 29 USC 1132(g)(2) from and including April 16, 2006, from the date of entry of an Amended Judgment.

6. This Court shall retain jurisdiction over this matter for purposes of enforcement of the provisions of this Default Judgment and any Amended Judgment entered pursuant to paragraph 4 above.

IT IS SO ORDERED.

s/ DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

3